UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:21-cv-181

CASSIE BREAZEALE and RHONDA
GARDNER, on their own behalf and
on behalf of those similarly situated,

    Plaintiffs,

vs.

AMPLER PIZZA II, INC.,

    Defendant.    /

## COMPLAINT & DEMAND FOR JURY TRIAL
### (Collective Action Complaint)

Plaintiffs, CASSIE BREAZEALE ("BREAZEALE") and RHONDA GARDNER ("GARDNER"), on their own behalf and on behalf of those similarly situated (collectively referred to as "Plaintiffs"), were employees of Defendant, AMPLER PIZZA II, INC. ("AMPLER" or "Defendant"), and bring this action for unpaid overtime compensation, liquidated damages, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

## INTRODUCTION

1. Plaintiffs bring this action pursuant to 29 U.S.C. § 216(b) and 29 U.S.C. § 207(a).

2. The Fair Labor Standards Act was passed in 1938. Its principle purpose was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to the maintenance of minimum standards of living necessary for health, efficient, and the general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981).

3. Section 7(a) of the FLSA requires payment of time-and-one-half an employee's regular hourly rate whenever a covered employee works in excess of forty (40) hours per work week. 29 U.S.C. § 207(a).

4. The liquidated damages provision of the FLSA constitutes a congressional recognition that failure to pay the statutory minimum on time may be so detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and the general well-being of workers and to the free flow of commerce, that double payment must be made in the event of a delay in order to insure restoration of the worker to that minimum standard. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

5. To the extent any partial payments have been made by Defendant to Plaintiffs of the disputed amounts at the time of the filing of this complaint, this action seeks to recover judgment in favor of Plaintiffs and against Defendant as well as all remaining damages, including but not limited to liquidated damages and reasonable attorneys' fees and costs. *See id.*

6. The Defendant in this case violated the FLSA by failing to pay Plaintiffs and other similarly-situated general managers time and one half for all of their hours worked over forty (40) each week.

7. This action is intended to include each and every general manager who worked for Defendant at any time during the past three (3) years.

## **PARTIES**

8. Plaintiffs, and those similarly situated individuals ("class members"), were general managers paid a salary for services performed for Defendant.

9. Defendant, AMPLER, is a Foreign Limited Liability Company.

10. Defendant, AMPLER, operates, among other restaurants, several Little Caesar restaurant locations

## JURISDICTION AND VENUE

11. This Court has original jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331 as they arise under the FLSA, 29 U.S.C. § 201, *et seq.*

12. Defendant, AMPLER, is headquartered in Wake County, North Carolina, located at 4700 Falls of Neuse Road, Suite 400, Raleigh, NC 27609, therefore venue is proper in the Eastern District of North Carolina, Raleigh Division, pursuant to 28 U.S.C. § 1391(b)(1) & (c).

## COVERAGE

13. At all material times during the last three years, AMPLER was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

14. At all material times during the last three years, AMPLER was an employer as defined by 29 U.S.C. § 203(d).

15. At all material times during the last three years, AMPLER has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

16. At all material times during the last three years, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA, in that the company had two or more employees:

    a. Engaged in commerce; or

    b. Engaged in the production of goods for commerce; or

c. Handling, selling or working on goods or materials that have been moved in or produced for commerce. (i.e. credit card machines, utensils, and restaurant supplies/equipment).

## FACTUAL ALLEGATIONS

17. AMPLER is a company classified as restaurant franchisee and is headquartered at 4700 Falls of Neuse Road, Suite 400, Raleigh, NC 27609.

18. AMPLER owns and operates more than 100 restaurants nationwide.

19. AMPLER owns and operates at least ninety (90) Little Caesar's Pizza restaurant locations.

20. BREAZEALE began working for Defendant in approximately May of 2018 and is currently still employed.

21. BREAZEALE has performed general manager duties for Defendant at five (5) or more of Defendant's Little Caesar's Pizza restaurant locations.

22. GARDNER began working for Defendant in approximately September of 2019 through March 9, 2021.

23. GARDNER has performed general manager duties for Defendant at three (3) or more of Defendant's Little Caesar's Pizza restaurant locations.

24. Plaintiffs and those similarly situated to them routinely work/worked in excess of forty (40) hours per week as part of their regular job duties.

25. Defendant classifies its general managers as exempt from overtime under the FLSA pursuant to the FLSA's executive exemption.

26. As of January 1, 2020, employers must pay employees classified as exempt executives a salary of at least $684.00 per week in order to avoid the payment of overtime pay under the FLSA.

27. Defendant failed to pay Plaintiffs, and those similarly situated to them, the minimum salary required per week ($684.00) to exempt them from overtime pay under the FLSA.

28. For example, during the pay periods of January 7, 2020 to January 20, 2020, Defendant paid BREAZEALE a weekly salary of $616.00 (bi-weekly - $1,232.00) which is below the salary minimum of $684.00 per week. *See* BREAZEALE January 28, 2020 paystub attached as **Exhibit A**.

29. During the pay period of February 16, 2021 to March 1, 2021, Defendant paid GARDNER a weekly salary of $616.00 (bi-weekly - $1,232.00) which is below the salary minimum of $684.00 per week. *See* GARDNER March 9, 2021 paystub attached as **Exhibit B**.

30. Defendant continued and continues to pay its general managers below the minimum salary required, despite Defendant's knowledge of the requirement that they be paid at least $684.00 per week to be exempt from overtime under the FLSA.

31. Defendant had/has a company-wide policy of failing to pay its general managers the minimum salary required per week to exempt the general managers from overtime pay.

32. As a result, Defendant was required to pay Plaintiffs and those similarly situated to them overtime compensation during this relevant time period.

33. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper overtime compensation with respect to Plaintiffs and those similarly situated to them.

34. Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

35. Defendant has acted willfully in failing to pay Plaintiffs, and those similarly situated to them, in accordance with the law.

## COLLECTIVE ACTION ALLEGATIONS

36. Plaintiffs and the class members performed the same or similar job duties as one another in that they performed general manager duties on behalf of Defendant.

37. Plaintiffs and the class members were all hired (or promoted) by Defendant to perform general manager duties on behalf of Defendant's customers.

38. Plaintiffs and the class members were all paid a weekly salary for the work performed.

39. Plaintiffs and the class members worked similar hours and usually worked more than forty (40) hours per week.

40. Plaintiffs and the class members were subjected to the same pay provisions, inasmuch as they were (1) not compensated the minimum salary per week in order to be exempt from overtime under the FLSA; and (2) not paid time and one-half of their regular rate of pay for all hours worked in excess of forty (40) hours worked during such workweeks.

41. As a result, the class members are owed overtime wages for the same reasons as Plaintiffs.

42. Defendant's failure to compensate Plaintiffs and the class members proper overtime pay for all hours worked in excess of forty (40) hours in a workweek as required by the FLSA results from a uniform pay policy, applicable to all putative class members herein.

43. These policies or practices were applicable to Plaintiffs and the class members.

44. Application of these policies or practices does/did not depend on the personal circumstances of Plaintiffs or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of overtime wages to Plaintiffs applies to all class members. Accordingly, the class members are properly defined as:

> **All General Managers who worked for Defendant as of January 1, 2020 and continuing, who were not compensated a weekly salary of at least $684.00 per workweek, and who did not earn time-and-one-half of their hourly rate for all hours worked in excess of forty (40) hours in one or more workweeks.**

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

45. Plaintiffs reincorporate and readopt all allegations contained within Paragraphs 1-44 above.

46. Plaintiffs, and those similarly situated to them, are/were classified as exempt from overtime under the FLSA, pursuant to the Executive Exemption.

47. Defendant failed to pay Plaintiffs, and those similarly situated to them, the minimum salary of $684.00 per week during multiple workweeks, contrary to this requirement to be exempt from overtime pay.

48. As a result, Plaintiffs, and those similarly situated to them, are/were entitled to be paid time and one-half of their regular rate of pay for each hour worked in excess of forty (40) per workweek during such weeks.

49. During their employment with Defendant, Plaintiffs, and those similarly situated to them, regularly worked overtime hours but was/were not paid time and one-half compensation for same.

50. Defendant is/was aware of the overtime hours worked by Plaintiffs, and those similarly situated to them.

51. Defendant is/was aware of the requirement that Plaintiffs, and those similarly situated to them, be paid the minimum salary of at least $684.00 per week in order to be exempt.

52. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiffs, and those similarly situated to them, time and one-half of their regular rate of pay for each hour worked in excess of forty (40) per workweek in one or more workweeks, Plaintiffs, and those similarly situated to them, has/have suffered damages, plus incurring reasonable attorneys' fees and costs.

53. As a result of Defendant's willful violation of the FLSA, Plaintiffs, and those similarly situated to them, are entitled to liquidated damages.

54. Plaintiffs are entitled to recover their attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiffs, and those similarly situated employees, demand judgment against Defendant for:

> a) Designation of this action as a collective action under the terms of 29 U.S.C. §216(b) to all similarly situated members of the FLSA Opt-in Class, apprising them of the pendency of this action and permitting them to assert their FLSA claims in this action through individual consent;
>
> b) The payment of all overtime hours at time and one-half the regular rate of pay for the hours worked by him/them for which Defendant did not properly compensate them;
>
> c) Liquidated damages;
>
> d) Reasonable attorneys' fees and costs incurred in this action;
>
> e) Pre- and post-judgment interest as provided by law;
>
> f) Trial by jury on all issues so triable;

g) Any and all further relief that this Court determines to be appropriate.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable as a matter of right by jury.

Respectfully submitted, this 21st day of April, 2021.

>*/s/ Adam A. Smith*
>ADAM A. SMITH, ESQ.
>NC Bar No.: 31798
>RIDDLE & BRANTLEY, LLP
>P.O. Box 11050
>Goldsboro, NC 27532
>Telephone: (919) 778-9700
>Facsimile: (919) 778-1938
>Email: AAS@justicecounts.com
>*Local Civil Rule 83.1 Counsel for Plaintiff*
>
>
>*/s/ Kimberly De Arcangelis*
>KIMBERLY DE ARCANGELIS, ESQ.
>FL Bar No.: 0025871
>Morgan & Morgan, P.A.
>20 N. Orange Ave., 15th Floor
>Orlando, FL 32802-4979
>Telephone: (407) 420-1414
>Facsimile: (407) 245-3383
>Email: KimD@forthepeople.com
>Trial Attorneys for Plaintiffs
>*Special Appearance Pending*